Robert Pegram HARRISON,
Defendant, Appellant,

v.

E. Y. CHAPIN, III, Plaintiff, Appellee,

and

Benwood Foundation, Inc., et al.,
Defendants, Appellees.

Supreme Court of Delaware.

Submitted Jan. 11, 1980.

Decided Jan. 30, 1980.

William Prickett, Wilmington (argued) of Prickett, Sanders, Jones, Elliott & Kristol, Wilmington, for defendant–appellant.

Michael D. Goldman, Wilmington (argued) and Sue L. Robinson of Potter, Anderson & Corroon, Wilmington, for plaintiff and certain defendants, appellees.

Before DUFFY, McNEILLY and HORSEY, JJ.

PER CURIAM:

This is an action brought in the Court of Chancery under 8 *Del.C.* § 225 * by a Trustee of Benwood Foundation, Inc., a Delaware charitable corporation, to determine: (1) whether the election of certain persons to the governing body of the Corporation (that is, as Trustees) was validly accomplished; and (2) whether a 1972 Succession Agreement providing for the selection of such Trustees had been rescinded. The Vice Chancellor's opinion contains a recitation of the pertinent facts and his ruling on the merits. See *Chapin v. Benwood Foundation, Inc., et al.,* Del.Ch., 402 A.2d 1205 (1979).

All parties appeared in the Court of Chancery and the present members of the Board of Trustees moved for a summary judgment determining that the Board was validly constituted. Other defendants submitted themselves to the jurisdiction of the Court but did not take a position on the merits of the issue. With the consent of all parties, the Vice Chancellor then appointed defendant Robert Pegram Harrison as an *amicus curiae* to represent those who "are or may be opposed to the position of Applicant Chapin" so "that there may be a

* 8 *Del.C.* § 225 provides in part, as follows:

"Upon application of any stockholder, or any member of a corporation without capital stock, the Court of Chancery may hear and determine the validity of any election of any director, member of the governing body, or officer of any corporation, and the right of any person to hold such office . . . ."

prompt determination as to whether the Succession Agreement attached to the Application herein is valid and enforceable, and whether [the two individuals] are properly elected Trustees of Benwood." While it appears that Harrison was a party to the action and thus could have contested the application in his own right, the appointment as *amicus* permitted payment of his counsel fees and expenses by Benwood.

The Vice Chancellor filed an opinion adverse to Harrison, who then docketed this appeal. Thereafter, Harrison filed a motion seeking appointment by this Court as an *amicus* so that Benwood will be obligated to pay his counsel fees and expenses (incurred in prosecuting the appeal), as it voluntarily did in the Trial Court. Benwood concedes that Harrison has standing, in his capacity as a party, to appeal the Chancery Court order but opposes his motion for appointment as an *amicus*.

■ Generally speaking, an *amicus curiae* does not have a right to appeal a trial court's order, 4 Am.Jur.2d *Appeal & Error* § 197; under some special circumstances, an *amicus* may take an appeal, 3A C.J.S. *Amicus Curiae* § 11, but that is not this case. Here, the Vice Chancellor has not authorized Harrison to prosecute the appeal and, on the contrary, it appears that the purpose for which the Court of Chancery made the appointment as *amicus* has been completed and an application for fees has been filed.

■ Certainly this Court has the power to appoint an *amicus*, 4 Am.Jur.2d *Amicus Curiae* § 2, see Rule 28, and we will not hesitate to do so in an appropriate case. Here, however, we are not persuaded that the motion properly invokes our power to appoint a person to assist the Court in arriving at a right judgment in the appeal. We say this, not as a comment on the Court of Chancery's ruling on the merits nor because we do not need the assistance of counsel. The motion is not persuasive because the issue thus presented centers on the payment of counsel fees and expenses in litigating the appeal. That is the *raison d'etre* for the motion and that is why we deny it.

As we have observed, Benwood concedes that Harrison has standing to appeal, and he has counsel available to him. His legal position is that the judgment of the Court of Chancery should be reversed and, clearly, he need not be an *amicus* to argue that position. But we are not persuaded that we should make the appointment so that Benwood will be obliged to finance Harrison's appeal from the ruling of the Vice Chancellor.

It may ultimately be in the Corporation's interest for this Court to determine the issues submitted in the action, but that is a judgment to be made by the Benwood Board, not this Court. If we were to appoint an *amicus*, as Harrison requests, we would, in effect, be usurping the function of the Board, and that would be improper.

It follows that the motion for appointment of Harrison as an *amicus curiae* must be denied. IT IS SO ORDERED.